# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

STEPHANIE MEECE,

                                    Plaintiff,

        v.                                              1:04-cv-3698-WSD-ECS

ATLANTIC SOUTHEAST
AIRLINES, INC.,

                                    Defendant.

## <u>OPINION AND ORDER</u>

This is a sexual harassment and retaliation action filed by Plaintiff Stephanie

Meece ("Plaintiff") against Defendant Atlantic Southeast Airlines, Inc.

("Defendant") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e

et seq. ("Title VII").  It is before the Court on the Magistrate Judge's Report and

Recommendation ("R&R") [65] on Defendant's Motion for Summary Judgment

("Def. MSJ") [46].  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the

Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo*

review of the portions of the Magistrate Judge's Report and Recommendation to

which Defendant and Plaintiff have objected.  The Court has reviewed the

remainder of the Magistrate Judge's Report and Recommendation for plain error.

United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).  The parties do not object to the Magistrate Judge's findings of fact in the Report and Recommendation and, finding no plain error, the Court adopts the facts set forth in the Report and Recommendation.

## I.    BACKGROUND

### A.    Procedural History

Plaintiff filed her Complaint on December 17, 2004, charging Defendant with sexual harassment and retaliation in violation of Title VII.  The parties completed discovery and, on January 20, 2006, Defendant filed its Motion for Summary Judgment.  Despite being granted multiple extensions to respond to the Motion for Summary Judgment, the only submission Plaintiff has filed in response is an April 11, 2006 declaration entitled "Declaration of Stephanie Meece." [Declaration [58].)[1]

---

[1]  In her Objection to the R&R, Plaintiff claims she only learned a Response had not been filed when she received the R&R.  She states that she believed her two attorneys, whom she does not name, would file the Response on her behalf. Plaintiff asks the Court for more time to file a Response to the Motion for Summary Judgment.  There is, however, no evidence in the record for Plaintiff's belief that another attorney would file her Response.  As the Magistrate Judge noted, Defendant filed its Motion for Summary Judgment on January 20, 2006.  In February 2006, the Parties filed two consent motions to extend time for Plaintiff to respond to Defendant's motion for summary judgment.  The first motion sought an

On June 19, 2006, Magistrate Judge Scofield issued his Report and

_____

extension to respond until March 2, 2006. (Consent Motion [48].)  The second consent motion sought an extension until April 3, 2006.  (Consent Motion [50].) Plaintiff also filed a Motion to Stay on February 21, 2006 [49].  On March 9, 2006, Plaintiff's attorney filed a motion to withdraw as attorney for Plaintiff [51].  Also on March 9, 2006, the Magistrate Judge entered an Order denying the Parties' two consent motions, denying Plaintiff's Motion to Stay, and providing that if this Court granted the motion to withdraw before the response due date, he would grant Plaintiff thirty days from the entry of the order to obtain counsel and/or file a response to the motion for summary judgment.  (Order Denying Mot. for Extension of Time [52].)  On March 14, 2006, this Court granted Plaintiff's attorney's motion to withdraw.  (Order Granting Mot. to Withdraw [53].)  Plaintiff's response to Defendant's motion for summary judgment was now due on April 13, 2006–almost ten days later than the date she requested in her most recent motion.  On April 3, 2006, in accordance with this Court's order, Plaintiff informed the Court that she intended to proceed pro se and provided an updated address.  (Notice of Change of Address [55].)  On April 5, 2006, Plaintiff filed yet another motion to extend the time to respond to Defendant's motion for summary judgment.  (Mot. for Extension of Time [56].)  On April 11, 2006, prior to the Magistrate Judge's ruling on her motion, Plaintiff filed a declaration with exhibits, entitled "Declaration of Stephanie Meece [for substantive response]."  (Declaration of Stephanie Meece [58].)  On April 12, 2006, the Magistrate Judge entered an Order permitting Plaintiff until May 2, 2006 to respond to the motion for summary judgment. (Order Granting Mot. for Extension of Time [60].)  To date, the only submission Plaintiff has filed in response to Defendant's motion for summary judgment is her April 11, 2006, declaration.  The Court notes specifically that Plaintiff has been given significant relief from the deadlines litigants ordinarily are required to meet in litigation in this Court.  These accommodations were particularly appropriate given Plaintiff's pro se status.  The Court has granted Plaintiff multiple extensions to file a response to the motion for summary judgment, yet Plaintiff failed to file a response or seek an extension of time before the expiration of her time to respond. The Magistrate Judge, therefore, properly treated the Motion for Summary Judgment as unopposed.

Recommendation, recommending the Court grant summary judgment for

Defendant on Plaintiff's claims.  On July 6, 2006, Defendant filed its Objections to

the Magistrate Judge's R&R [66].  Plaintiff also filed Objections to the R&R on

July 6, 2006 [67].

## II.   DISCUSSION

### A.   The Magistrate Judge's R&R

Plaintiff claims sexual harassment and retaliation in violation of Title VII.

Defendant moved for summary judgment on Plaintiff's sexual harassment claim on

the grounds that Plaintiff cannot show that the alleged harasser's non-work related,

off-duty conduct, which occurred solely outside the workplace, was related to her

sex, altered the terms of her employment, or created a discriminatorily abusive

work environment.  Defendant also argued that Plaintiff cannot prove a retaliation

claim because the alleged harasser's conduct was not attributable to Defendant, and

Plaintiff's belief that the conduct violated Title VII was not subjectively or

objectively reasonable.  (Def. MSJ, at 2.)

The Magistrate Judge concluded Plaintiff's sexual harassment claim failed

because the alleged harassment did not occur in the work environment within the

meaning of Title VII, and the facts offered by Plaintiff did not establish the

necessary nexus between the alleged hostile environment and Plaintiff's employment.  (R&R, at 21.)  Magistrate Judge Scofield also found that Plaintiff's retaliation claim should be dismissed.  He held that Plaintiff had established a prima facie case of retaliation under Title VII, because Plaintiff had demonstrated that: 1) she engaged in statutorily protected activity; 2) she suffered an adverse employment action; and 3) the protected activity was causally related to the protected activity.  (R&R, at 26, 30.)  Because Plaintiff asserted a prima facie case of retaliation, the burden of production shifted to the Defendant to rebut this inference by articulating a legitimate, non-discriminatory reason for its actions. (R&R, at 30) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792,802-804 (1973)).  The Magistrate Judge concluded that Defendant met this burden by showing that Plaintiff was terminated for substandard performance and for failing to comply with Defendant's policies.  (R&R, at 30-31.)  The burden of production then shifted back to Plaintiff to show that the reason for her termination was a mere pretext for discrimination.

The Magistrate Judge concluded that Plaintiff did not put forth sufficient evidence to demonstrate that Defendant's reasons were a pretext for discrimination or were unworthy of belief.  (R&R, at 31-32.)  Plaintiff, therefore, failed to

establish a claim for retaliation.  The Magistrate Judge recommended that

Defendant's Motion for Summary Judgment be granted.  The Magistrate Judge's

decision is thorough and well-reasoned, and his analysis is adopted by the Court.

      B.     <u>The Parties' Objections</u>

      *1.     Harassment in the Workplace–Plaintiff's First Objection*

Plaintiff objects, without further elaboration, "to the conclusion of the

Magistrate Judge that the alleged harassment did not occur at the workplace."

(Pl.Obj. to R&R, at 1.)  The Magistrate Judge found that the alleged harassment

did not occur in the work environment within the meaning of Title VII.  To state a

claim for hostile environment sexual harassment, Plaintiff is required to show that:

1) she s a member of a protected group; 2) she was subjected to unwelcome

conduct; 3) the conduct was based upon sex; 4) the conduct was sufficiently severe

or pervasive to alter the terms and conditions of her working environment; and 5)

there is a basis for holding the employer liable.  (R&R, at 17-18) (citing <u>Mendoza

v. Borden, Inc.</u>, 1995 F.3d 1238, 1245 (11th Cir. 1999)).  "As a general

proposition, employers are not responsible under Title VII for hostile sexual acts

resulting from nonwork-related, off-duty interactions between co-employees."  <u>P.F.

v. Delta Air Lines, Inc.</u>, 102 F. Supp.2d 132, 138 (E.D.N.Y. 2000), *vacated on*

*other grounds by* <u>Ferris v. Delta Air Lines, Inc.</u>, 277 F.3d 128 (2nd Cir. 2001); <u>see</u>

<u>also</u> <u>Greer v. Marco Warehousing, Inc.</u>, 179 F. Supp.2d 1332, 1340 (M.D. Ala.

2001).  "[W]hen the sexual acts occur outside the work place, the plaintiff must

identify sufficient facts from which to infer a connection between the hostile sexual

conduct and the employment."  (R&R, at 21) (citing <u>P.F.</u>, 102 F. Supp.2d at 138).

The Magistrate Judge noted that it is undisputed that virtually all of the alleged

harassment occurred while Plaintiff and the alleged harasser were off-duty and off

Defendant's work premises, and that it occurred primarily in their shared

apartment, at the mall, or at the movies.  (<u>Id.</u> at 21.)  The Magistrate Judge also

properly held that Plaintiff's contention that she was on reserve does not change

the fact that there is insufficient evidence to show the necessary connection.

Although Plaintiff was paid during her reserve time, no evidence exists suggesting

that she was not free to socialize with whomever she wanted or to reside where she

pleased, so long as she was able to reach the airport in the allotted time.  (R&R, at

22.)  The Magistrate Judge was therefore correct in concluding that the alleged

harassment did not occur in the work environment, therefore Plaintiff cannot hold

Defendant liable for sexual harassment.  Plaintiff's Objection to this finding is

overruled.

2.      *Retaliation–Defendant's Objection*

Despite the fact that its summary judgment motion was ultimately granted, Defendant objects to the Magistrate Judge's conclusion that Plaintiff made a prima facie showing of retaliation.  It argues that Plaintiff did not have a good-faith, reasonable belief that her coworker's purported conduct constituted actionable sexual harassment.  To prove a prima facie case of retaliation under Title VII, Plaintiff must show that:  1) she engaged in statutorily protected activity; 2) she suffered an adverse employment action; and 3) the protected activity was causally related to the protected activity.  Gregory v. Ga. Dept. of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004).  To establish the first element–that Plaintiff engaged in a statutorily protected activity–Plaintiff must show that she "had a good faith, reasonable belief that [Defendant] was engaged in unlawful employment practices."  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311-12 (11th Cir. 2002).  Plaintiff must establish that she subjectively believed her employer was engaged in unlawful employment practices and that her belief was objectively reasonable.  Id.

Defendant argues in its Objection that the Magistrate Judge should not have concluded that Plaintiff's belief that she was experiencing sexual harassment was

reasonable because the weight of substantive law establishes that off-duty, non-work related conduct is not sexual harassment in this context.  (Def. Obj., at 3-4.)

Although a close call, the Magistrate Judge's determination here was correct.

While "[a]s a general proposition, employers are not responsible under Title VII for hostile sexual acts resulting from nonwork-related, off-duty interactions between co-employees," the fact that the alleged harassment occurred outside the workplace does not, in and of itself, insulate the employer from liability.  (R&R, at 28) (citing P.F., 102 F. Supp.2d at 138).  Some courts have found employers liable for off-duty sexual harassment.  In Ferris v. Delta Air Lines, Inc., the court found that where the alleged harassment occurred in a hotel room paid for by the airline for the flight crew to use during layovers in a foreign country, the hostile conduct, while outside the workplace, occurred in the work environment for purposes of Title VII.  Ferris, 277 F.3d at135 ("The circumstances that surround the lodging of an airline's flight crew during a brief layover in a foreign country in a block of hotel rooms booked and paid for by the employer are very different from those that arise when stationary employees go home at the close of their normal workday.").

The Magistrate Judge properly distinguished Ferris from the facts of this case, because Plaintiff was not living in an apartment paid for by Defendant, and she

was not required by Defendant to spend her time with her harassing co-worker. While the circumstances here do not create a sufficient nexus between the hostile sexual conduct and the employment, it was not unreasonable for the Plaintiff to believe the behavior constituted sexual harassment.  The Magistrate Judge correctly concluded, therefore, that Plaintiff had made a prima facie showing of retaliation.  Defendant's objection to the Magistrate Judge's conclusion that Plaintiff stated a prima facie case for retaliation is therefore overruled.

>   3.   *Pretext–Plaintiff's Second Objection*

Plaintiff also objects without elaboration to the conclusion that her evidence was insufficient to show that the Defendant's reasons for Plaintiff's termination are mere pretext.  "To survive summary judgment, the plaintiff must . . . present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext.  Mere conclusory allegations and assertions will not suffice."  Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).  The Magistrate Judge concluded that Plaintiff's evidence failed to cast sufficient doubt on Defendant's proffered reason for Plaintiff's termination to permit a reasonable factfinder to conclude the employer meant to retaliate against Plaintiff for complaining about the alleged harassment.

To establish pretext, "the district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir.1997)).

The Magistrate Judge concluded that Plaintiff had not put forth sufficient evidence to demonstrate that Defendant's articulated reasons were a pretext for discrimination or unworthy of belief.  The Magistrate Judge pointed out that the April 2004 passenger's complaint and the May 20, 2004, complaint about Plaintiff's job performance and conduct occurred before Plaintiff complained about the sexual harassment.  (R&R, at 32.)  The Magistrate also concluded that, with the exception of the write-up filed by the alleged harasser, all of the complaints were made by either a passenger or other airline personnel with no connection to the underlying claims.  (Id.)  This alone is compelling evidence.  Finally, the Magistrate noted that Plaintiff does not deny that Defendant received certain of the complaints about her job performance.  (Id. at 32.)  The Court agrees with the Magistrate Judge's conclusion that Plaintiff's allegations regarding her termination

-11-

are insufficient to find that Defendant's legitimate, nondiscriminatory reason is a pretext for retaliation against her for complaining about the sexual harassment. (R&R at 33.)  Plaintiff's objection to the Magistrate Judge's conclusion that she did not sufficiently show pretext is therefore overruled.

## III.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [65].  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant.

**SO ORDERED** this 2nd day of August, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE